IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| C & J EQUIPMENT MANUFACTURING CORPORATION, a New Mexico corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| MICHAEL JASON GRADY; ) MICHAEL E. GRADY; ) TWIN PAK LLC, a New Mexico limited ) liability company; and ) J & M BALING, INC., a New Mexico ) corporation, ) ) Defendants. ) ) | Case No. |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, DECLARATORY JUDGMENT, BREACH OF CONTRACT, NEGLIGENT MISREPRESENTATION, <u>AND ASSOCIATED WRONGS</u>**

Plaintiff, C & J EQUIPMENT MANUFACTURING CORPORATION, a New Mexico corporation, for its Complaint against all Defendants named herein, alleges as follows:

**THE PARTIES**

1. Plaintiff C & J Equipment Manufacturing Corporation ("C & J") operates a New Mexico domestic profit corporation with a principal place of business in Bloomfield, San Juan County, NM.

2. Defendant Michael Jason Grady ("Jason Grady") is a resident of Farmington, San Juan County, NM.

3. Defendant Michael E. Grady ("Michael Grady") is a resident of Farmington, San Juan County, NM. Michael Grady is the father of Jason Grady. Hereinafter they are jointly referred to from time to time as "Gradys".

4. Defendant Twin Pak LLC ("Twin Pak") is a New Mexico limited liability company with its principal place of business in Farmington, San Juan County, NM. The Gradys are members of Twin Pak.

5. Defendant J & M Baling, Inc. ("J & M") is a New Mexico corporation with its principal place of business in Farmington, San Juan County, NM. The Gradys are officers and directors of J & M.

6. Each and every action of any of the Defendants Jason Grady, Michael Grady, Twin Pak, and J & M (the "Defendants") was undertaken and performed on behalf of and with the knowledge and authority of each of the Defendants. Each of the Defendants are jointly and severally liable for the acts and omissions of any of the Defendants pleaded herein.

## JURISDICTION AND VENUE

7. This is a civil action for copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338; has subject matter jurisdiction over this case as it relates to patents pursuant to 28 U.S.C. 1338; and has supplemental jurisdiction with respect to other claims that are related to claims over which the Court has original jurisdiction, all of which arise from a common factual core and form part of the same case or controversy.

8. Personal jurisdiction exists over the Gradys because, among other things, they are located in and reside in the State of New Mexico and this Federal District, and the acts of infringement complained of herein occurred in this State and Federal District.

9. Personal jurisdiction exists over Twin Pak because, among other things, Twin Pak is located and doing business in this the State of New Mexico Federal District, and the acts of infringement complained of herein occurred in this State and Federal District.

10. Personal jurisdiction exists over J & M because, among other things, J & M is located and doing business in the State of New Mexico and this Federal District, and the acts of infringement complained of herein occurred in this State and Federal District.

11. This action arises out of the Defendants' transaction of business and their commission of tortious acts within the State of New Mexico and this Federal District.

12. Venue is properly found in this Federal District, where all Defendants reside and may be found and have a regular and established place of business, and where all parties are subject to the Court's jurisdiction, and where a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred, and where the Defendants have committed acts of infringement, and where resulting injuries to Plaintiffs were suffered, in accordance with 28 U.S.C. §§ 1391 and 1400.

## STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

13. C & J is an industrial equipment manufacturer, which engineers and designs specialized equipment for industrial and/or agricultural uses.

14. C & J, among other activities, designs and engineers industrial equipment for clients and/or partners with others for the design and engineering of industrial equipment. C & J specializes in the design phases of industrial production. C & J specializes in various industrial designs and structural fabrications including, but not limited to, for pumps, separators, compressors, launchers, receivers, and agricultural equipment. C & J's website prominently features a double baler ("Double Baler") and double baler design ("Double Baler Design") which are the subject of this instant action. *See*, https://www.cjemc.com/agricultural/.

15. Twin Pak and J & M are companies located in Farmington, NM. Upon information and belief, both are owned and operated and controlled in whole or in part by the Grady Defendants.

16. In the first quarter of 2017, Defendant Jason Grady met with Chad Thornton (Mr. Thornton), CEO and President of Plaintiff, to discuss the design and construction of the Double Baler.

17. This led to Defendant Jason Grady, acting on behalf of and with the authority of all Defendants, and Mr. Thornton, on behalf of Plaintiff, entering into an agreement that Plaintiff would provide designs and electronic drawings and perform other services for the Double Baler project, in exchange for ownership interests and royalties as alleged herein.

18. Among other terms of the agreement, Defendant Jason Grady and Mr. Thornton also agreed that Plaintiff would receive a portion of product sales in lieu of charging engineering, manufacturing, and design fees. Plaintiff and Defendant Jason Grady agreed that Plaintiff would receive a percentage ownership interest in the Double Baler program, e.g., whether carried out through J & M, Twin Pak, or other entities; a percentage of profits made from the sale of the Double Baler; and/or royalties on the sale of the of the Double Baler, in exchange for Plaintiff's engineering, design, and related work. Plaintiff and Jason Grady further agreed that Plaintiff would manufacture the two initial Double Balers at time and materials plus overhead, which did not include any engineering or design fees. Plaintiff and Jason Grady further agreed that Plaintiff would manufacture future Double Balers; and/or receive a percentage ownership interest in the Double Baler program, e.g., a percentage ownership of J & M, Twin Pak, or related entities; and/or a percentage of profits made from the sale of the Double Baler; and/or royalties on the sale of the Double Baler.

19. The Defendants also agreed they would share with Plaintiff a percentage of the business Defendants or others created as a result of the Double Baler and Double Baler Design, and/or royalties on sales of the Double Baler, in exchange for Plaintiff's engineering, manufacturing, design, and other work.

20. Plaintiff fully or substantially performed and completed its services and tasks as required by the agreement of the parties. Among other services and tasks the design and drafting of the Double Baler, including but not limited to, the Double Baler Design, was completed at Plaintiff's Bloomfield, NM facility. Plaintiff, among other things, also prepared structural calculations and selected structural materials and performed other actions pursuant to the agreement between Plaintiff and the Defendants. Plaintiff's principal, Mr. Thornton, a Registered Professional Engineer, acting pursuant to the agreement, also reviewed and/or approved the Double Baler Design drawings, provided input, authorship and inventorship of the Double Baler and Double Baler Design, and made changes and improvements to the Double Baler and Double Baler Design, among other services.

21. Plaintiff's employees made alterations, additions, deletions, and improvements to the Double Baler Design throughout the drawing and design process, all pursuant to the agreement.

22. Pursuant to the agreement, construction of the Double Baler at Plaintiff's facility began in April 2017. Plaintiff, also pursuant to the agreement, provided the Defendants business insight, advice, and opinions on manufacturing and distribution, and scenarios for earnings before interest, taxes, depreciation, and amortization, before and during construction of the Double Baler. Plaintiff reasonably believed and understood from Defendants' statements, representations, and conduct that Plaintiff and the Defendants had agreed to and were engaging in a partnership or other

joint business arrangement to produce, market, and sell the Double Baler based on the Double Baler Design, and Plaintiff and the Defendants in fact did so agree.

23. In February of 2018, at Jason Grady's invitation and suggestion, and also pursuant to the parties' agreement, Mr. Thornton attended the World Ag Expo, along with Jason Grady, in Tulare, California to attempt to sell and market the Double Baler.

24. Also pursuant to the agreement, Plaintiff at its facility designed and manufactured two Double Balers. Fabrication of the first Double Baler by Plaintiff began on or about April 6, 2017 and was completed on or about August 31, 2017. Fabrication of the second Double Baler by Plaintiff began on or about April 26, 2017 and was completed on or about February 28, 2018.

25. In 2017 and 2018 Jason Grady materially represented to Mr. Thornton that if Plaintiff and its employees engaged in and undertook, and performed the services and tasks for and provided the assistance to the Defendants alleged herein, Defendants would assure Plaintiff would be paid royalties and receive other financial benefits accruing from the marketing and sale of the Double Baler based on the Double Baler design. Jason Grady intended that Mr. Thornton would rely on those representations, and Mr. Thornton did reasonably rely on those representations to Plaintiff's detriment. Jason Grady's representations were misrepresentations.

26. Defendant Jason Grady went to Plaintiff's Bloomfield, NM facility sometime after February 28, 2018 and removed physical and electronic drawings and thereby gained access to these drawings.

27. Without Plaintiff's knowledge, Defendant Jason Grady filed U.S. Patent Application No. 16/025,751 ("the '751 App.") on July 2, 2018, which issued as U.S. Patent No. 10,869,428 ("the '428 Patent") on December 22, 2020. Defendant Jason Grady is listed as the sole applicant and inventor and no assignment has been filed for this patent.

28. Without Plaintiff's knowledge, Defendant Jason Grady filed U.S. Patent Application No. 17/127,112 ("the '112 App.") as a continuation of the '751 App. on December 18, 2022. Defendant Jason Grady is listed as the sole applicant and inventor and no assignment has been filed for this patent.

29. Without Plaintiff's knowledge, Defendant Jason Grady filed U.S. Patent Application No. 17/174,098 ("the '098 App.") on February 11, 2021. Defendant Jason Grady is listed as the sole applicant and inventor and no assignment has been filed for this patent.

30. The Defendants knew before the filing of the '751 application with the USPTO that Plaintiff's employee(s) were joint inventors of the claims filed in the '751 App., the '112 App., and the '098 App.

31. On information and belief Defendant Jason Grady copied the Double Baler Design and distributed copies to other Defendants and to other persons not parties to this action, including among others John Deere & Company, and he has continued to do so. On information and belief, the Defendants have, among other acts, manufactured, marketed, and sold Twin Pak Balers that are constructed pursuant to the Double Baler Design drawings, and they are in the process of continuing to do so, including without limitation doing so by and through John Deere & Company.

32. Plaintiff first had knowledge of at least some of the Defendants' wrongful acts alleged herein on or about May 11, 2022, at which time Plaintiff was made aware of a publication stating that Defendants and John Deere & Company had "established an allied agreement with Mike and Jason Grady of Twin Pak to better serve existing and future John Deere small square baler customers in the United States." *See*, https://www.drovers.com/news/industry/john-deere-establishes-allied-agreement-distribution-grady-twin-pak-balers.

33. Plaintiff through its attorneys, in efforts to settle this dispute without litigation, sent letters of July 21, 2022 and November 21, 2022 to counsel for Defendants, demanding, among other things, that Mr. Thornton be added as a joint inventor to the '428 Patent and for consideration to be paid for the Double Baler Design drawings. Counsel also spoke in an August 5, 2022 telephone conversation. The Defendants, through their counsel, rejected Plaintiff's demands and refused to engage in further discussions to achieve an agreed to resolution of the dispute. Plaintiff thus has had no other choice but to proceed with this action.

## COUNT I
### (Copyright Infringement under 17 U.S.C. § 501)

34. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 33.

35. Defendants' acts alleged herein related to the violations of the exclusive rights of Plaintiff under 17 U.S.C. § 501.

36. Defendants have been without authorization, permission, license or consent from Plaintiff, or any other entity or person capable of providing such authorization, permission, license or consent, to use, publish, and/or copy the Double Baler Design and/or derivatives thereof.

37. Upon information and belief, Defendants' infringements of Plaintiff's copyrights were and are willful, in bad faith, and executed with full knowledge of Plaintiff's copyright, in conscious or reckless disregard for, or willful blindness to, Plaintiff's rights in the C & J Design.

38. Plaintiff is entitled to recover Defendants' profits and Plaintiff's actual damages, or by Plaintiff's election, statutory damages, pursuant to 17 U.S.C. § 504.

39. Plaintiff is entitled to recover costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT II
## (Contributory Copyright Infringement)

40. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 39.

41. One who knowingly induces, causes, or materially contributes to copyright infringement, by another but who has not committed or participated in the infringing acts him or herself, may be held liable as a contributory infringer if he or she had knowledge, or reason to know, of the infringement.

42. Defendants, by the conduct described herein, induced, caused, or otherwise materially contributed to the infringement of the exclusive rights of Plaintiff under 17 U.S.C. § 501.

## COUNT III
## (Declaratory Judgment under 28 U.S.C. § 2201 *et seq*.)

43. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 42.

44. There exists an actual controversy between the Parties as to: a) whether Mr. Thornton, as an employee of Plaintiff who has assigned intellectual property rights to Plaintiff, must be included as a co-inventor in the '428 Patent, and the '112 and '098 Patent Applications ("Patent Rights"); and b) whether Plaintiff is an owner of the Patent Rights.

45. For the reasons set forth above, Defendant has knowingly and willingly omitted one or more employee inventors of Plaintiff from the inventorship, and has knowingly and willingly omitted Plaintiff as assignee/owner, of one or more claims issued or filed in the Patent Rights, and Plaintiff is entitled to a declaratory judgment that one or more of Plaintiff's employees and/or former employees is an inventor and that Plaintiff is an assignee/owner of the Patent Rights.

## COUNT IV
### (Breaches of Contract)

46. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 45.

47. By their actions described above Defendants have breached their contract with Plaintiff, and have thus caused injury to Plaintiff.

48. Plaintiff is entitled to recover its damages, including for the value of its engineering and design work incurred and the profits and/or royalties earned by Defendants in the business activities Defendants undertook to sell and market the Double Baler.

## COUNT V
### (Breaches of Covenants of Good Faith and Fair Dealing)

49. Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 48.

50. By their actions Defendants have knowingly and willfully acted to deprive Plaintiff of the benefit reasonably anticipated from their agreement with Defendants, and thereby have breached the covenants of good faith and fair dealing necessarily implied in the agreement.

51. By their actions Defendants have caused injury to the Plaintiffs and in an amount including the value of their engineering and design work, pursuant to the agreement, and Plaintiff is entitled to recover its damages, including any profits earned by Defendants and/or royalties from Defendant's sales as a result of the Defendant's breaches of the covenant of good faith and fair dealing.

## COUNT VI
### (Negligent Misrepresentation)

52. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 51.

53. Pleading in the alternative to the extent necessary, Plaintiff states that Defendants negligently misrepresented material facts to Plaintiff, as more fully alleged herein, with the knowledge and intent that Plaintiff would rely on such negligent misrepresentations. Plaintiff did in fact reasonably rely on such negligent misrepresentations to Plaintiff's detriment.

### COUNT VII
### (Prima Facie Tort)

54. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 53.

55. Pleading in the alternative to the extent necessary, by intentionally committing actions described above that under general circumstances would be lawful, Defendants acted with the intention to injure Plaintiffs, without justification, which resulted in injury to Plaintiffs, and by doing so committed a prima facie tort resulting in injury to the Plaintiff.

56. Plaintiffs are entitled to recover their damages resulting from Defendants' commission of a prima facie tort in an amount to be established at trial, including any profits received by Defendants as a result of their tortious conduct.

### DAMAGES AND PUNITIVE DAMAGES

57. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 56.

58. As the direct, proximate, and reasonably foreseeable result of the Defendants' infringement, breaches of contract, breaches of the duty of good faith and fair dealing, violations of the Unfair Practices Act, and other tortious acts, negligent misrepresentations, and wrongful conduct alleged herein, Plaintiff has been damaged, and has incurred special damages, and Plaintiff is entitled to an award of such damages that may be proven at trial or that Plaintiff otherwise may be entitled to, including statutory damages.

59.     Defendants have acted willfully, knowingly, and maliciously in committing the acts and in engaging in the omissions complained of herein, and Plaintiff is entitled to an award of punitive damages in accordance with the evidence at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered by this Court in its favor and against Defendants, as follows:

1.     FINDING that Chad Thornton is a joint inventor of U.S. Patent No. 10,869,428, and U.S. Patent Application Nos. 17/127,112 and 17/174,098, including any other related patent applications filed in the U.S. Patent & Trademark Office, and/or patent applications filed under the Patent Cooperation Treaty and/or foreign jurisdictions outside the United States.

2.     FINDING that Plaintiff is a joint owner of U.S. Patent No. 10,869,428, and U.S. Patent Application Nos. 17/127,112 and 17/174,098, including any other related patent applications filed in the U.S. Patent & Trademark Office, and/or patent applications filed under the Patent Cooperation Treaty and/or foreign jurisdictions outside the United States.

3.     FINDING that the Defendants, and each of them, are jointly and severally liable to Plaintiff under the Counts stated herein.

4.     ORDERING Defendants to pay Plaintiff's damages in the amount proven at trial.

5.     ORDERING Defendants to pay Plaintiff compensatory damages for copyright infringement.

6.     ORDERING Defendants to pay Plaintiff statutory damages.

7.     ORDERING Defendants to pay Plaintiff damages in an amount three times its actual damages, in a total amount to be determined at trial.

8. ORDERING that Defendants pay the Plaintiff punitive damages for their knowing, willful and malicious actions in violation of Plaintiff's rights, including but not limited to their conversion of Plaintiff's investment and for royalty payments.

9. ORDERING Defendants to pay prejudgment interest on all damages owed to Plaintiffs as determined in this matter.

10. ORDERING Defendants to pay Plaintiffs the attorney fees and costs they reasonably incurred in seeking relief in their Complaint,

AND GRANTING such further relief as the Court deems just and proper.

Respectfully submitted,

ATKINSON BAKER & RODRIGUEZ, P.C.

*/s/ Clifford K. Atkinson*
Clifford K. Atkinson
Owen E. Barcala
201 Third St. NW, Suite 1850
Albuquerque, NM 87102
(505) 764-8111
catkinson@abrfirm.com
obarcala@abrfirm.com

and

PEACOCK LAW P.C.

By: */s/ Deborah A. Peacock*
Deborah A. Peacock
Marco H. Santamaria
201 Third St. NW, Suite 1340
Albuquerque, NM 87102
(505) 998-6124
dpeacock@peacocklaw.com
msantamaria@peacocklaw.com

*Attorneys for Plaintiffs*