DRAFT - 5/19/2023 2:55 PM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| C & J EQUIPMENT MANUFACTURING CORPORATION, a New Mexico corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>MICHAEL JASON GRADY;<br>MICHAEL E. GRADY;<br>TWIN PAK LLC, a New Mexico limited liability company; and<br>J & M BALING, INC., a New Mexico corporation,<br>                    Defendants.<br><br>And<br><br>MICHAEL JASON GRADY;<br>MICHAEL E. GRADY;<br>TWIN PAK, LLC, a New Mexico limited liability company; and J & M BALING, INC.; a New Mexico corporation,<br><br>                  Counterclaimants,<br><br>v.<br><br>C & J EQUIPMENT MANUFACTURING CORPORATION, a New Mexico corporation<br><br>                  Counterdefendant. | Case No. 1:23-cv-00099-KK-SCY |

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to Fed.R.Civ.P. 26(f), a meet and confer was held on April 18, 2023 via Zoom at 10:00 a.m. and was attended by:

    Clifford K. Atkinson
    ATKINSON, BAKER & RODRIGUEZ, P.C.
    201 Third Street, N.W., Suite 1850
    Albuquerque, NM 87102

Marco H. Santamaria
PEACOCK LAW P.C.
201 Third St. NW, Suite 1340
Albuquerque, NM 87102
*Attorneys for Plaintiff*

Daniel R. Dolan, II, Esq.
DOLAN & ASSOCIATES
3167 San Mateo NE, Unit 110
Albuquerque, NM  87110
*Attorney for Defendants Michael Jason Grady, Michael E. Grady, Twin Pak, LLC and J & M Baling, Inc.*

# NATURE OF THE CASE[1]

## PLAINTIFF'S STATEMENT OF THE NATURE OF THE CASE

This is a breach of contract, patent ownership, and copyright infringement case between Plaintiff C & J and Defendants; U.S. Patent No. 10,869,428 ("the '428 Patent), and U.S. Patent Appl. Nos. 17/127,112 ("the '112 Appl.") and 17/174,098 ("the '098 Appl.") (collectively, "the Double Baler Patents") related to a novel double baler ("the Double Baler") which was jointly invented by C &J employees and Defendants; and registered copyrights on plans for a novel Double Baler ("Double Baler Designs"), which were created by Plaintiff C & J.  C & J filed its Complaint for Copyright Infringement, Declaratory Judgment, Breach of Contract, Negligent Misrepresentation, and Associated Wrongs against all Defendants on February 2, 2023.  [Doc. 1] In its Complaint, C & J has alleged that Defendants breached a contract in which C & J and the Defendants agreed to jointly develop the Double Baler and receive earnings from the manufacture and sale of the Double Baler.  C & J has also alleged that it jointly owns the issued U.S. patent directed to the Double Baler and U.S. applications directed to the Double Baler.  C & J has further alleged that each of the Defendants copied the Double Baler Design without authorization and that Defendants used the Double Baler Designs in marketing and constructing the Double Baler.

---

[1] *See* Exceptions below.

### *DEFENDANTS' STATEMENT OF THE NATURE OF THE CASE*

Plaintiff brings claims against Defendants for Copyright Infringement, Declaratory Judgment, Breach of Contract, and Negligent Misrepresentation, all of which Defendants deny, relating to a hay baler invented and developed by Defendant Jason Grady and for which U.S. Patent No. 10,869,428 was granted. Defendant Jason Grady developed a first prototype of the hay baler which produces two bales of hay at one time. This hay baler is known as the "Double Baler." The first prototype was built by Defendant Jason Grady approximately one year before he met Plaintiff and he subsequently worked with Plaintiff to produce some drawings for use by Plaintiff to construct two additional prototypes (second and third prototypes). The second and third prototypes were delivered to the purchaser, Defendant J&M Baling, and invoices therefor were paid in full ($343,573.93) even though both prototypes required repairs, additional work and were found to be unreliable due to poor construction. As a result, Defendant Jason Grady pursued other options for construction of a reliable prototype. There are no written agreements between Plaintiff and Defendants, and the relationship between Plaintiff and Defendants is disputed. Plaintiff alleges it has an ownership interest in the copyright of the drawings and claims to be a co-inventor of the Double Baler.

There is evidence establishing that Plaintiff gave permission to Defendant Jason Grady to use the drawings made as part of the prototype construction process. However, due to the unacceptable and unreliable prototypes constructed by Plaintiff, Defendants did not use the drawings and based all subsequent invention discussions with others on the first prototype which was built by Defendant Jason Grady before he ever met Plaintiff.

Plaintiff claims ownership of the drawings used to construct the second and third prototypes. Defendants claim they paid for the second and third prototypes and the drawings were done solely with the direct and intensive help of Defendant Jason Grady and a computer operator in the employ of Plaintiff and were for the shop personnel to use in the welding/construction process.

With respect to the Complaint for Declaratory Judgment, in the letter of December 14, 2022 to counsel for Plaintiff, it was indicated that an action to add an inventor to a U.S. patent under 35 USC Section 256 requires an explanation of the contribution of the inventor to be added and corroborating evidence thereof; however, Plaintiff has provided neither. The Job Cost Summary – Cost Recap provided by Plaintiff does not indicate when work was performed, who performed the work and, notably, does not mention Chad Thornton.

The key Defendants' premises are: the Double Baler invention was conceived and built well before Plaintiff was involved with Defendants; the drawings were the work product of Defendant Jason Grady and done for construction of prototypes which were unacceptable and were otherwise not used; the copyright of obtained by Plaintiff is wrongful and should belong to Defendants since they paid for the second and third prototypes and further since Defendant Jason Grady should have been listed as a co-author; and there is no contract or agreement, written or agreed to otherwise, between the parties.

The key Plaintiff's premises are: the copyright of the drawings belongs to Plaintiff; the invention took place in Plaintiff's shop after Plaintiff and Defendants began working on the prototypes; the contacts and possible partners of Defendants with whom Defendants were negotiating for construction of the Double Baler use the copyrighted drawings without permission and in violation of the copyright; Plaintiff owns the copyright because the prototypes were constructed in its facilities; and Defendants did not pay directly for the drawings.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Discovery has just begun. It is foreseeable that amendments of the Complaint may be necessary, to add claims and defendants.

Plaintiff(s) should be allowed until June 30, 2023 to move to amend the pleadings and until June 30, 2023 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file a Motion to Dismiss and/or Motion for Summary Judgment in the case. Defendants should be allowed until July 10, 2023 to amend its pleadings for Defendant to amend or join additional parties in compliance with Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties further stipulate and agree that the law governing this case is: federal copyright law, federal law, and New Mexico law.

## PLAINTIFF'S CONTENTIONS

C & J and Defendant Jason Grady collaborated to invent the Double Baler. Defendant Jason Grady physically visited C & J's manufacturing site to collaborate on the Double Baler production. Defendants paid C & J for manufacturing costs including labor and materials but did not pay C & J for design, research, development costs. In lieu of design, research, development costs, C & J and Defendant Jason Grady, acting on behalf of his companies, entered into an agreement to share earnings generated from the manufacture and sale of the Double Baler. C & J and Defendant Jason Grady jointly developed and invented the claims issued and/or filed in the Double Baler Patents during Defendant Jason Grady's visits to C & J's manufacturing site. To

5

protect its rights to the Double Baler Designs through copyright law, C & J applied for registration of its designs with the U.S. Copyright Office, which examined it and determined it was creative enough for registration. C & J subsequently discovered that Defendants were or may be engaged in efforts with John Deere to manufacture and/or distribute the Double Baler using the Double Baler Designs. Defendants' attempt to claim sole ownership of the Double Baler and to market it without C & J's knowledge or involvement was a material breach of the contracts between C & J and the Defendants. Defendants were given opportunities to resolve this prior to a lawsuit, but the offers were ignored. C & J then brought this lawsuit to receive compensation and a declaratory judgement of its ownership of the Double Baler patents through joint inventorship by its employees.

C & J seeks monetary damages, a declaration of its rights and status, and other relief from the Court. With respect to monetary damages related to the copyright infringement, C & J may elect statutory damages it is entitled to under 17 U.S.C. § 504(c), which in a willful case such as this would entitle C & J to an award of up to $150,000 jointly and severally from Defendants. The maximum statutory award will be sought given the egregiousness of the case. C & J will also seek costs and attorneys' fees pursuant to 17 U.S.C. § 505. In alternative, C & J, may seek actual damages and profits under 17 U.S.C. § 504(b).

With respect to monetary damages related to the breach of contract by Defendants, C & J may seek actual and consequential damages caused by Defendants' willful breach of their contract with C & J. These may include without limitation gross profits, licensing fees, and/or royalty payments related to the manufacturing, production, distribution, sale, and licensing of the Double Baler, the Double Baler Designs, and the Double Baler Patents.

With respect to the declaratory judgement, C & J seeks a declaration from this Court that Plaintiff is a joint owner of the '428 Patent, the '112 Appl. and the '098 Appl. because its employees are joint inventors on the claims of the patent and patent applications and because its employees were obligated to assign their inventorship rights to C & J.

Defendants' counterclaims are related to an alleged defamatory statement by C & J and fraud on Defendants by C & J.  Defendants allege defamatory damages from the posting of the Double Baler Designs on C & J's website and that the Double Baler Designs are "posted on C & J's website without the permission of the Counter Plaintiffs and without authority from Counter Plaintiffs to Counter Defendant to do so." [Defendant's Counterclaim for Defamation at para. 9, Doc. 2] However, by Defendant's own admission, C & J created the Double Baler Designs.  [*See*, Defendant's Counterclaim for Defamation at para. 7, Doc. 2] C & J also owns registered copyrights VAu001473709 and VAu001473712 for the Double Baler Designs posted on C & J's website. There is no document indicating that Defendants paid C & J for the Double Baler Designs nor is there any document indicating a work-for-hire arrangement between C & J and Defendants.

Defendants' counterclaim for copyright fraud alleges that C & J defrauded Defendants by not including Jason Grady as an author on the Double Baler Design.  However, C & J is the sole author of the Double Baler Designs and never made any representations to Defendants regarding the copyrights.  As the sole author and owner of the Double Baler Designs it was under no obligation to inform Defendants of its copyright filings nor include any of the Defendants as an author of the Double Baler Designs copyright applications.

## **DEFENDANTS' CONTENTIONS**

Defendant Jason Grady invented the double baler months before ever discussing his invention or engaging the services of Plaintiff.  In fact, Jason Grady built the invention as his sole

7

idea and construction from Freeman single balers joined together and made to function as stated in his patent of the double baler.   Thereafter, Defendant Jason Grady hired Plaintiff to build two functioning balers from his invention and design and draft a set of plans from which further double balers might be built.

However, because Plaintiff was inexperienced and had no knowledge of farm machinery, its construction, or design, the construction of the two double balers paid for by Defendants failed to function efficiently, properly, and failed to function completely shortly after initial trials.  The plans were viewed by Defendants as not valuable since they were the basis for the construction of the two failed balers by Plaintiff.

Defendants never used the plans drawn by Plaintiff's employee Josh Tamminga.  Those plans were prepared at the sole direction and constant supervision of Defendant Jason Grady. Jason Grady and his companies paid in full for said plans despite claims to the contrary by Plaintiff. For that reason, the Grady Defendants saw no reason to copyright plans which were deficient, not capable of resulting in a construction of a functioning baler and needing major revisions to be valuable for said construction.

After discontinuing work with Plaintiff, Defendants reverted to the original invention and double baler Defendants constructed before ever engaging the construction/welding/mechanical services of Plaintiff.  Thereafter, Defendants contacted others to build their invention and work to bring a commercially viable double baler to the marketplace.

After Defendants engaged in successful contacts and development of relationships with manufacturers of farm machinery, Plaintiff attempted to extort Defendants by wrongfully copyrighting the plans that Defendants paid Plaintiff for and demanded joint invention status for

C&J of the twin baler. In fact, no representative of Plaintiff had any input into the invention that is now in the hands of the Defendants.

Defendants seek to enjoin the attempt to gain any control by Plaintiff of Defendants' prior patented invention. That patented invention was conceived, designed, was constructed and functioned before Plaintiff even knew of the invention or the Defendants.

Further, the Defendants seek damages for the extortion of ownership and wrongful claims of copyright and invention in the name of Plaintiff. Defendants seek damages and costs for having to defend a contract action where no contract exists and where the services of Plaintiff were paid for in full. Defendants will show that Plaintiff had no experience, understanding, or knowledge base from which to design farm machinery and has no ability beyond copying the work of the Defendants to make such claims.

Further, Plaintiff made defamatory and wrongful claims of ownership of the invention and design of the baler by posting design and photographic information on the invention of Defendants on the Plaintiff website. Plaintiff fraudulently claimed that others and Defendants we using the plans drawn by an employee of Plaintiff (paid for by Defendants) when in fact the plans are defective and will not result in the construction of the double baler patented by Defendants. Any double baler constructed by anyone from the plans drafted by Plaintiff will not function as the Defendants' as intended.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

### WITNESSES

*Plaintiff's Witnesses*

Plaintiff intends to call the following witnesses:

1. Chad Thornton
   President and CEO of C & J Equipment Manufacturing Corporation
   c/o Atkinson, Baker & Rodriguez, P.C.
   Clifford K. Atkinson
   201 Third Street NW, Suite 1850
   Albuquerque, NM  87102
   (505) 764-8111
   catkinson@abrfirm.com

   and

   c/o Peacock Law, P.C.
   Deborah A. Peacock
   201 Third Street NW, Suite 1340
   Albuquerque, NM  87102
   (505) 998-6117
   dpeacock@peacocklaw.com

2. Nolan Stewart
   COO and CFO of C & J Equipment Manufacturing Corporation
   c/o Atkinson, Baker & Rodriguez, P.C.
   Clifford K. Atkinson
   201 Third Street NW, Suite 1850
   Albuquerque, NM  87102
   (505) 764-8111
   catkinson@abrfirm.com

   and

   c/o Peacock Law, P.C.
   Deborah A. Peacock
   201 Third Street NW, Suite 1340
   Albuquerque, NM  87102
   (505) 998-6117
   dpeacock@peacocklaw.com

3. Michael Jason Grady

4. Michael E. Grady

5. Possibly any person identified in the Initial Disclosures.

6. Possibly any principals or other representatives of Twin Pak, LLC and J & M Baling, Inc.

7. Possibly any witness identified by Defendants.

8. Possibly any witnesses associated with Deere & Company.

9. Possibly any witnesses associated with GK Machine, Inc.

10. Possibly any persons whose identities may be disclosed in discovery.

*Defendants' Witnesses*

Defendants intend to call the following witnesses:

1. Michael Jason Grady
   c/o Counsel for Defendants

2. Michael E. Grady
   c/o Counsel for Defendants

3. As yet unidentified witnesses present when the Defendant Jason Grady designed and built the double baler he patented. Will supplement.

4. Josh Tamminga
   506 Vandenbosch Parkway
   Farmington, NM  87301

5. The principals, officers, and employees of C&J.

6. Possibly any other witness identified by Plaintiff.

7. Rob Rippchen, managerial contact for Jason Grady at John Deere Co.
   c/o John Deere Counsel (per Plaintiff's subpoena).
   John Deere Co.
   928 E. Vine St
   Ottumwa, IA  52501

8. Gary Grossen, owner and contact for Jason Grady knowledgeable of Defendant Jason Grady's relationship with the at GK Machine Co,
   c/o GK Machine's counsel (per Plaintiff's subpoena)
   GK Machine
   PO Box 427
   Donald, OR  97020

9. Solga and Jakino PA
   CPA for Jason Grady & Co. Susan Kuenzler
   901 N Tucker Ave.
   Farmington, NM  87401
   505-327-0266

10. Media witnesses as yet unidentified with knowledge of the chronology of the invention of Defendant Jason Grady and author of the video media provide under Rule 26.

11. Any witnesses which may be disclosed in discovery.

## EXHIBITS

**Plaintiff may seek to introduce the follow exhibits:**

1. Copyright Registration No. VAu001473709

2. Copyright Registration No. VAu001473712

3. Drawings and/or tables of, or related to, the Double Baler and/or Double Baler Design

4. U.S. Patent No. 10,869,428

5. U.S. Patent Application No. 17/127,112 and associated USPTO file wrapper

6. U.S. Patent Application No. 17/174,098 and associated USPTO file wrapper

7. Publications by Defendants of, related to, or derived from copyright Registration No. VAu001473709; copyright Registration No. VAu001473712; U.S. Patent No. 10,869,428; U.S. Patent Application No. 17/127,112; U.S. Patent Application No. 17/174,098; the Double Baler and/or Double Baler Design

8. Invoices and cost summaries related to the Double Baler and/or Double Baler Design

9. Plaintiff reserves the right to use as Exhibits at trial any document disclosed in discovery or identified by any Defendant, including those identified below.

**Defendants may seek to introduce the following exhibits:**

1. Exhibits identified in Paragraphs 1-8 noted by Plaintiff.

2. Correspondence and documents exchanged between Defendants and GK Machine Co.

3. Correspondence and documents between Defendants and the John Deere Co.

4. Media developed by others and submitted in Defendants' initial disclosures.

5. Videos of the original invention by Defendants submitted in Defendants' initial disclosures.

6. Correspondence and file materials exchanged between C&J's patent counsel Deborah Peacock, Esq., and Defendant Jason Grady's patent counsel Robert Epstein, Esq.

7. File materials and documents associated with the initial invention of the baler by Defendant Jason Grady.

8. Evidence of the Plaintiff's website contents and the chronology of its additions to that website claiming expertise in various fields and activities.

## EXPERTS

*Plaintiff's Expert Witnesses*

Plaintiff has not yet retained an expert witness. To the extent Plaintiff does, Plaintiff will disclose the experts in accordance with the Court's pre-trial orders.

*Defendants Expert Witnesses*

Defendants have not yet retained an expert witness. Defendants will disclose the experts in accordance with the Court's pre-trial orders.

## FACT DISCOVERY

Discovery will be needed on the following subjects: liability and damages.

### Interrogatories

Maximum of 30 interrogatories by Plaintiff to each Defendant, and by each Defendant to Plaintiff.

(Responses due thirty (30) days after service).

### Requests for Admissions

Maximum of 30 substantive requests for admission by Plaintiff to each Defendant, and by each Defendant to Plaintiff. There shall be no limit as to the number of requests for admission directed solely to the authenticity and admissibility of documents.

(Response due thirty (30) days after service.)

### Requests for Production of Documents:

Maximum of 50 requests for production of documents by Plaintiff to each Defendant, and by each Defendant to Plaintiff.

(Response due thirty (30) days after service.)

### Depositions:

A maximum of 10 fact depositions by Plaintiff and 10 fact depositions by Defendants. The parties also shall be entitled to depose any expert identified in the case.

Each deposition is limited to maximum of seven (7) hours on the record unless extended by agreement of the parties or subsequent Court Order.

**Reports from retained experts under Rule 26(a)(2) due:**

From Plaintiff and Counterclaimant in support of any affirmative claims for relief by November 1, 2023.

From Defendants and Counter Defendant in support of any defense to any claims or counterclaims by December 8, 2023.

Supplementation under Rule 26(e) due by the close of discovery.

All discovery commenced in time to be complete by Friday, February 9, 2024.

Other Items: None.

## PRETRIAL MOTIONS

**Plaintiff intends to file:** Motions for summary judgment on liability and damages. Plaintiff may file discovery motions and motions *in limine* and *Daubert* motions and such other motions as the Court's pretrial orders may permit.

**Defendant intends to file:** Motions for summary judgment and to dismiss along with potential motions *in limine* and *Daubert* motions on Plaintiff's expert or lay testimony.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5 days.

  X   This is a non-jury case.

_____ This is a jury case.

The parties request a pretrial conference 60 days before trial.

**SETTLEMENT**

The possibility of settlement in this case is unknown.  Settlement cannot be more fully evaluated prior to the exchange of initial disclosures and written discovery and likely at least some fact depositions.  Counsel intend to further confer by the end of June, 2023 about the possibility of an earlier mediation than the Court is setting at the Scheduling Conference, in an effort to determine whether resolution is possible before expenditure of further fees for depositions and other discovery and motion practices.  The parties anticipate that a later settlement conference after further discovery is undertaken would be appropriate.

**EXCEPTIONS**

Plaintiff takes exception to the fact Defendants would not agree to a single "Nature of the Case" statement and Plaintiff takes exception to all of the "Defendants' Statement of the Nature of the Case" insofar as it characterizes Plaintiff's position.

Defendants find exception to most of Plaintiff's Nature of the Case statement and submit their own Statement thereof.

Respectfully submitted,

ATKINSON, BAKER RODRIGUEZ, P.C.

/s/ *Clifford K. Atkinson*
Clifford K. Atkinson
Owen E. Barcala
201 Third Street, N.W., Suite 1850
Albuquerque, NM 87102
(505) 764-8111
catkinson@abrfirm.com
obarcala@abrfirm.com

~and~

PEACOCK LAW P.C.

*/s/ Marco H. Santamaria*
Deborah A. Peacock
March H. Santamaria
201 Third St. NW, Suite 1340
Albuquerque, NM 87102
(505) 998-6117
dpeacock@peacocklaw.com
msantamaria@peacocklaw.com
*Attorneys for Plaintiff Jim Beverly d.b.a. Jim Beverly Company*

DOLAN & ASSOCIATES

*/s/*
Daniel R. Dolan, II, Esq.
3167 San Mateo NE, Unit 110
Albuquerque, NM  87110
 (505) 883-1266
drd@lobo.net
*Attorney for Defendants Michael Jason Grady, Michael E. Grady, Twin Pak, LLC and J & M Baling, Inc.*