IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

C&J EQUIPMENT MANUFACTURING
CORPORATION, a New Mexico
Corporation,

      Plaintiff/Counterdefendant,

vs.                                                Civ. No. 23-99 MV/SCY

MICHAEL JASON GRADY; MICHAEL E.
GRADY; TWIN PAK, LLC, a New Mexico
Limited Liability Company; and J&M
BALING, INC., a New Mexico Corporation,

      Defendants/Counterclaimants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AS TO THE SECOND SET OF REQUESTS FOR PRODUCTION TO JASON GRADY**

Plaintiff brings this lawsuit alleging that Defendants Michael Grady, Michael Jason Grady ("Jason Grady"), Twin Pak, and J&M Baling breached a contract between the parties regarding their joint invention of a Double Baler when Defendants attempted to claim sole ownership. *See generally*, Doc. 1. Presently before the Court is Plaintiff's motion to compel as to the second set of requests for production to Defendant Jason Grady. Because Jason Grady failed to timely respond to these requests, the Court finds that he has waived any objections. The Court also grants Plaintiff's request for attorney's fees.

**PROCEDURAL BACKGROUND**

Plaintiff filed its complaint in federal court on February 2, 2023. Doc. 1. On April 3, 2023, Defendants answered and filed their counterclaim. Doc. 5. On June 8, 2023, Plaintiff served its second set of interrogatories and requests for production on Jason Grady, with responses due in 30 days, or July 10. Doc. 31 (certificate of service); *see also* Doc. 75-4 (email sending the discovery requests to defense counsel); Doc. 75-2 (June 19 email between counsel in

which Plaintiff's counsel resent the discovery requests to defense counsel). On July 9, Defendants filed a Motion for an Extension of Time to Answer and Respond to Plaintiff's Discovery Requests and Motion for Protective Order. Doc. 37. In that motion, Defendants explained that they had produced all documents responsive to all requests for production, but they had not yet been able to tie the documents to the specific requests. Doc. 37 at 4. They therefore asked for an extension until July 21, 2023 to provide complete responses to Plaintiff's requests for production. *Id.* at 6. In an Order filed contemporaneously with the present Order, the Court grants, nunc pro tunc, the extension until July 21, 2023 for Jason Grady to respond to the second set of requests for production. Doc. 123.

On August 22, 2023, Plaintiff's counsel emailed defense counsel as to the status of Jason Grady's responses to the second set of requests for production and asked for complete responses by August 25. Doc. 75-1 at 3-4. After Plaintiff's counsel asked for a status on Jason Grady's responses, defense counsel responded the same day with, "Have not seen those…." *Id.* at 3. Plaintiff's counsel replied, reminding defense counsel when the second set of requests for productions were served (June 8) and pointing out that, "We also know that Defendant received and reviewed them because they were referenced in Defendants' Motion for Extension [Doc. 39[1]]." *Id.* Defense counsel responded that the date Jason Grady was actually served the second set of discovery was June 27 (due to an email attachment issue), but pointed out that Jason Grady served his answers and responses on July 27, 2023. *Id.* at 2 (citing Doc. 45). The cited certificate of service, however, only indicates that Jason Grady served his answers to the second set of interrogatories on July 27; it says nothing about responses to the second set of requests for

---

[1] Presumably, this is a typographic error and Plaintiff means to cite Doc. 37, which is Defendants' motion for extension in which they acknowledge that on "June 8, 2023, Plaintiff served its second set of discovery requests on Jason Grady." Doc. 37 at 3.

production. Doc. 45. Plaintiff's counsel responded to the email chain, pointing this out. Doc. 75-1 at 1.

On August 31, 2023, having received no further response from Jason Grady, Plaintiff filed a second motion to compel as to the second set of requests for production to Jason Grady. Doc. 75; *see also* Doc. 89 (response); Doc. 105 (reply). On September 18, 2023, the same day Defendant Jason Grady filed his response to the motion to compel, he served his responses to the second set of requests for production. Doc. 87.

## ANALYSIS

In its motion, Plaintiff first moves to compel Jason Grady to respond to the second set of requests for production. Doc. 75. However, as of September 18, 2023, Jason Grady has provided those responses and so this request is moot. The Court therefore turns to Plaintiff's second request in the motion to compel: to hold that Jason Grady did not timely serve his responses and therefore his objections are waived. The Court agrees that Jason Grady did not timely provide responses to the second set of requests for production. That discovery was served on June 8, 2023, making the responses due July 10, 2023. The Court later extended the response deadline to July 21, but Jason Grady did not provide his responses until September 18, 2023. In his response brief, Jason Grady provides no information or argument as to why he did not respond until September 18, well after the extended deadline. Instead, the only argument he offers is that Plaintiff is on a fishing expedition in hopes of supporting his claim. But if Jason Grady had an objection to the served discovery, he should have moved for a protective order, *see* Fed. R. Civ. P. 26(c), not simply delayed responding to discovery.

The next question before the Court is whether waiver applies to Jason Grady's untimely responses. Federal Rule of Civil Procedure 33, which covers interrogatories, provides that "[a]ny

ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P 33(b)(4). Rule 34, which covers requests for production, does not contain a similar waiver provision. *See* Fed. R. Civ. P. 34(b)(2)(C). However, many courts have read a waiver provision into Rule 34. *See, e.g.*, *Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007) ("It is well established that all objections to discovery requests must be timely or they are waived, unless the court excuses the failure to object for good cause."); *Boles v. Aramark Corr. Servs., LLC*, No. 17-1919, 2018 WL 3854143, at *5 (6th Cir. Mar. 19, 2018) (holding that the district court "appropriately applied" the Rule 33 waiver standard to objections to Rule 34 requests for production); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) ("Although Rule 34 does not contain an automatic waiver provision for untimely objections as does Rule 33(b)(4), courts have reasoned that Rule 33(b)(4) type waiver should be implied into all rules involving the use of the various discovery mechanisms." (internal quotation marks and citation omitted)); *but see Logisys, Inc. v. Williams*, No. 20-CV-00559-GKF-SH, 2022 WL 3573209, at *2 (N.D. Okla. Aug. 19, 2022) (analyzing the history of amendments between Rule 33 and 34 and declining to extend Rule 33's waiver provision to Rule 34). The Court agrees that Rule 33's waiver provision should be extended to Rule 34, because otherwise, Rule 34 lacks consequences for untimely responses. And here, given that Jason Grady offers no explanation as to his extremely-belated responses, the Court does not find good cause to excuse the failure. As such, Jason Grady's untimely objections are deemed waived.

Although the Court agrees that Jason Grady has waived his untimely objections, he also stated that he did not withhold any information based on objections in response to Request for Production Nos. 41, 42 and 43. *See* Doc. 105-1 at 2-4 (stating that Jason Grady does not have any documents responsive to those requests). Thus, there is nothing further for the Court to

compel as to those requests. As to Request for Production No. 40, Jason Grady inserted an objection, but then "[w]ithout waiving that objection," provided responsive documents. Doc. 105-1 at 2. This response, however, is incomplete because it does not state whether Jason Grady withheld any information based on the objection. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). And lastly, as to Request for Production No. 39, Jason Grady objected on the grounds that the request seeks information about a nonparty to the lawsuit, GPT.[2] Doc. 105-1 at 2. Jason Grady provides no authority in his response to the request or his response brief to support his objection that Plaintiff may not ask for information about a non-party. As such, even if the Court did not consider the objection waived, it would overrule Jason Grady's unsupported objection. The Court will thus compel Jason Grady to fully respond to Requests for Production No. 39 and 40. If he has no further responsive information to produce, he should supplement to say so.

Lastly, Plaintiff asks for its attorney's fees in connection with this motion. Doc. 75 at 8. Federal Rule of Civil Procedure 37(a)(5)(A) provides that "[i]f the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Here, Jason Grady provided his responses to the requested discovery after Plaintiff filed its motion to compel, and so Rule 37 mandates an award of expenses, unless

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

---

[2] Since the time that Jason Grady filed his response, Plaintiff has amended the complaint to add GPT (Grady Press Trailers, LLC) as a defendant. Doc. 107.

>    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>    (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

The Court finds no Rule 37(a)(5)(A) exception applicable in this case. First, it is clear that Plaintiff did attempt to confer, engaging in an email conversation with defense counsel on August 22 to follow-up on the missing responses. Doc. 75-1. Further the Court finds that Jason Grady's nondisclosure was not substantially justified and no other circumstances would make an award of expenses unjust. In response to the requests for fees, Jason Grady argues that Plaintiff is abusing the judicial process by engaging in a fishing expedition to support its indefinite claims. Doc. 89 at 3. He argues that the second set of requests for production seek information from him as to GPT, a company not named in the lawsuit. But these arguments do not explain why Jason Grady responded to discovery requests well after the time to do so, and after Plaintiff filed a motion to compel. If Jason Grady believed the discovery requests were inappropriate, he should have moved for a protective order or timely filed objections, not simply delayed his responses by weeks with no explanation. The Court will award Plaintiff its expenses and fees in connection with the present motion.

Plaintiff also asks that the Court "impose an additional monetary sanction to punish Defendant Jason Grady and deter similar abuse from him and the other Defendants in the future." Doc. 75 at 9. The Court, in its discretion, declines to do so. Jason Grady has already been sanctioned for his untimely responses by the waiver of any objections. And while Plaintiff did have to wait longer than expected, it received responses to its discovery questions and is not unduly prejudiced by the delay.

## CONCLUSION

For the above-stated reasons, "Plaintiff's Second Motion to Compel Michael Jason Grady- Failure to Respond at all to Plaintiff's Second Set of Requests for Production," Doc. 75, is GRANTED IN PART as follows and the balance of the motion is denied:

- Within two weeks of the entry of this Order, Jason Grady shall fully respond to Requests for Production No. 39 and 40. If he has no further responsive information to produce, he should say so; and

- Plaintiff's request for expenses and fees associated with this motion is granted. Within two weeks of the entry of this Order, Plaintiff should file an affidavit outlining the expenses it incurred in preparing the present motion to compel. Within 14 days after Plaintiff files its affidavit, Defendant Jason Grady may file any objections he has to the amount Plaintiff requests.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE