IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

C&J EQUIPMENT MANUFACTURING
CORPORATION, a New Mexico
Corporation,

      Plaintiff/Counterdefendant,

vs.                                                                                 Civ. No. 23-99 MV/SCY

MICHAEL JASON GRADY; MICHAEL E.
GRADY; TWIN PAK, LLC, a New Mexico
Limited Liability Company; J&M BALING,
INC., a New Mexico Corporation; and
GRADY PRESS TRAILERS, LLC, a New
Mexico limited liability company,

      Defendants/Counterclaimants.

**ORDER GRANTING IN PART PLAINTIFF'S
OCTOBER 16, 2023 MOTION TO COMPEL**

Plaintiff brings this lawsuit alleging that Defendants Michael Grady, Michael Jason Grady, Twin Pak, J&M Baling, and Grady Press Trailers breached a contract between the parties and committed patent and copyright infringement regarding their joint invention of a Double Baler that Defendants attempt to claim sole ownership of. *See generally*, Doc. 107 (amended complaint). Presently at issue are August 18, 2023 interrogatories (numbered 15, 16 and 17) and requests for production (numbered 29, 30, and 31) that Plaintiff served on Defendant J&M. Doc. 61. Specifically, on October 16, 2023, Plaintiff filed the present motion to compel related to these discovery requests. Doc. 114; *see also* Doc. 118 (response); Doc. 125 (reply). The Court GRANTS IN PART and DENIES IN PART the motion as set forth below.

**ANALYSIS**

The Court will, in turn, address the three interrogatories and three requests for production at issue.

<u>Interrogatory 15.</u> Interrogatory 15 and Defendant's response to the interrogatory are as follows:

> Please describe fully how J&M uses or operates Twin Pak Baler(s) in relation to its business activities, including without limitation by identifying how many Twin Pak Baler(s) it owns or has access to, what use is made of the Twin Pak Baler(s), who operates them, what work or projects they have been used or operated in relation to, and when such uses or operations occurred.
>
> **ANSWER:**
> Objection to this interrogatory is made on the grounds that it is overly broad in that it does not provide a time frame and seeks irrelevant information not reasonably calculated to the lead to the discovery of admissible evidence and is only intended to harass the Defendant. Without waiving that objection, J&M Baling bales hay, alfalfa, and other crops which are owned by the grower of the crop and has used the No. 11, No. 12 and Nos. 18 through 20 balers purchased from GPT, LLC. The double balers are operated by various employees of J&M Baling according to whomever is scheduled to work or who is available and experienced on the tractor attached to the baler. The double balers are not assigned nor logged as to what work they do, where they are used nor for how long. Thus, there are no documents responsive to this request.

Doc. 114-1 at 1-2.

Defendant fails to identify who operated the Twin Pak Balers. This information is relevant to Plaintiff's claims. Plaintiff's lawsuit alleges that Defendant has no authorization to uses its patented Twin Pak Balers and, accordingly, Defendant infringes on its patent each time it uses these Twin Pak Balers. Doc. 107 at 14-15. One way Plaintiff can obtain evidence about Defendant's use of these Twin Pak Balers is through the testimony of persons who used these balers. To obtain that testimony, Plaintiff must first determine the identities of the persons who used the balers. As such, the identity of any person who used these balers on behalf of any of the

Defendants is relevant and discoverable.[1] Defendant shall therefore provide the names of persons it knows operated these balers.

Defendant objects that it does not have written documentation regarding who operated these balers. This is an incomplete response. When responding to discovery, "Counsel has an obligation to assure that the client complies with discovery obligations and court orders and, thus, *careful inquiry by counsel* is mandated in order to determine the existence of discoverable documents and to assure their production." *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1229 (10th Cir. 2015) (internal quotation marks and alterations omitted; emphasis in original). "Trial counsel must exercise some degree of oversight to ensure that a client's employees . . . are acting competently, diligently and ethically in order to fulfill their responsibility to the Court with respect to discovery." *Id.* (internal quotation marks and alterations omitted). By signing disclosures required under Rule 26(a), counsel certifies that "to the best of [his] knowledge, information, and belief formed after a reasonable inquiry," a disclosure "is complete and correct as of the time it is made." *Id.* (quoting Fed. R. Civ. P. 26(g)(1)(A); alterations in original); *see also Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc*., 244 F.R.D. 614, 626 (D. Colo. 2007).

Defendant does not represent that it undertook an investigation that encompasses the simple resort of asking its current employees if they worked on projects using the Twin Pak Balers.[2] Therefore, the Court orders that Defendant must, at a minimum, provide the names of its current employees who recall using the balers. If no employee can recall projects using the

---

[1] Although the Court finds the information requested relevant to Plaintiff's patent claims, it does not further analyze whether the information is also relevant to other claims, such as contract claims, or to punitive damages.

[2] As Defendant indicated in requesting an earlier extension of time to respond to discovery, it is a small business with few employees. Doc. 21 at 2-3; Doc. 27 at 1.

balers, Defendant must so state, rather than resting on representations that relate only to written documentation.

Similarly, given Plaintiff's claim that Defendants used its patented product without authority, instances in which any Defendants used the Twin Pak Balers is relevant. Accordingly, Defendant J&M shall identify the work or projects on which it knows Twin Pak Balers have been used or operated, as well as when such uses or operations occurred. If Defendant J&M does not have a record of this information it shall describe the work or projects in which any of its current employees recall any Defendant using the balers and when they recall that use occurring.

<u>Interrogatory 16.</u> Interrogatory 16 and Defendant's response to the interrogatory are as follows:

> Please identify each and every contract, agreement, or work order J&M has entered into or accepted for any work or projects for which J&M or any of its employees used or operated, or intends to use or operate, any Twin Pak Baler(s) to any degree.
>
> **ANSWER:**
> Objection to this interrogatory is made on the grounds it is overly broad as it is not bound by time and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, the double balers are not assigned nor logged as to what work they do and there is no documentation of such assignments. Customers request certain sized bales according to their needs and J&M Baling responds on oral requests by customers by making its own equipment decisions. Specific contracts are not assigned to specific equipment or specified for double baler use. Thus, J&M is not in possession of any documents responsive to this request.

Doc. 114-1 at 2-3.

Read literally, this interrogatory would require Defendant J&M to provide information about contracts that have absolutely no bearing on this case. For instance, if Defendant leased a trailer to transport equipment (not a Twin Pak Baler) to a job where a Twin Pak Baler was used, this leasing contract would be responsive to Defendant's inquiry. Such a request is overbroad.

On the other hand, work Defendant J&M performed, at least in part, through the use of a Twin Pak Baler is relevant to Plaintiff's claim that Defendant J&M infringed on its patent by using its patented baler without authorization. Defendant J&M must therefore identify the contracts, agreements, and work orders for Defendant J&M to cut or bale hay and for which J&M or any of its employees used, or intend to use, a Twin Pak Baler. *See* Doc. 118 at 2 (describing Defendant J&M's business). If Defendant does not have a record of this information, it shall describe the contracts, agreements, and work orders related to jobs on which any current J&M employee recalls a Twin Pak Baler being used.

<u>Interrogatory 17</u>. Interrogatory 17 and Defendant's response to the interrogatory are as follows:

> Identify and describe all income, revenue, and profit that J&M or any Defendant has received or anticipates receiving from or related to work or projects on which J&M or its employees used or operated, or intend to use or operate, any Twin Pak Baler(s) to any degree.
>
> **ANSWER:**
> Objection to this interrogatory is made on the grounds it seeks information relating to other parties to this lawsuit. Objection is further made on the grounds it calls for speculation as to "anticipated income" and is overly broad in that it does not provide a time frame. Objection is further made in that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this case given that J&M Baling is purchaser of the double baler and uses multiple machines and does not divide the income received by machine. Thus, J&M does not have any documents responsive to this request.

Doc. 114-1 at 3.

Income Defendant received through its use of a patented product it was not authorized to use is relevant to damages, should Plaintiff prevail on liability. Defendant argues that Plaintiff seeks irrelevant information because Plaintiff has yet to establish liability and demonstrate it is entitled to damages. Doc. 118 at 5. Similarly, in the concluding sentence of its response brief, without any citation in support, Defendant writes that Plaintiff's request for information related

to its recovery, "is premature and is more properly submitted under post-trial discovery." Doc. 118 at 8. Such an argument might be appropriate where a court has bifurcated trial and discovery on liability from trial and discovery on damages. In this case, however, Defendant has not moved for bifurcation. Defendant's argument that it does not have to provide discovery related to damages until after this case proceeds to trial is specious.[3] *See* Fed. R. Civ. P. at 26(a)(1)(A)(iii) (requiring a computation of each category of damages claimed by the disclosing party in initial disclosures).

Although not specious, Defendant's alternative argument that it does not have to provide income it received from jobs on which it used Twin Pak Balers is unavailing. If Defendant earned income through the use of Twin Pak Balers and if such use infringed on Plaintiff's patent, Plaintiff is entitled to damages. True, Plaintiff's damages may be limited to the proportion of Defendant's income derived from the use of Twin Pak Balers. But, because Defendant understandably did not divide the income received by machine used on a job, the overall income Defendant received on a job, along with other information such as how much of the job was likely completed with Twin Pak Balers, is likely to be relevant in estimating how much of Defendant's income was derived from use of Twin Pak Balers.

The Court agrees that Defendant is not obligated to estimate how much of its income was derived from use of Twin Pak Balers and the Court does not read Plaintiff's interrogatory as requesting such information. Instead, the Court reads Interrogatory 17 as requesting the income, revenue, and profit Defendant J&M received from jobs on which it used, or received income

---

[3] Defendant also states, without citation to any authority, that "[i]f Plaintiff is able to cobble together some proof that it has a contractual right to the financial information, only then should the finances and contractual information be produced." Doc. 118 at 7. Plaintiff's request for discovery, however, is not premised on a contractual right. It is premised on the right to obtain discovery in connection with a lawsuit, as the Federal Rules of Civil Procedure provide.

from the use of, Twin Pak Balers. To the extent Defendant J&M has this information, it is relevant and Defendant J&M must produce it.

Plaintiff also asks for income, revenue, and profit Defendant J&M "anticipates" receiving from jobs on which it has used, or intends to use, Twin Pak Balers. Defendant J&M argues that, in asking for income it "anticipates," receiving, Plaintiff is asking Defendant J&M to speculate rather than provide known information. Plaintiff's counterargument is that Defendant J&M may have performed a job on which Twin Pak Balers have been used and for which, even though it has not yet been paid, it is due a specified amount. *See* Doc. 114 at 9. Similarly, it is possible that Defendant J&M entered into a contract to perform a job, intends to use Twin Pak Balers on the job, and has negotiated an amount to be paid on the job. In such instances, the Court concludes that income, revenue, and profit Defendant J&M may receive is not speculative. Accordingly, to the extent Defendant J&M has estimated the income, revenue, or profit that it will receive on a job it has performed, or has contracted to perform, it must disclose such information to Plaintiff.

Defendant J&M asserts that "Plaintiff is seeking information that will cause substantial harm to its business relationships" but does not describe the nature of that harm or explain how discovery produced under a protective order will cause such harm. Doc. 118 at 7. Because Defendant makes no attempt to develop this argument, the Court rejects it without further consideration. *See Phillips v. Calhoun*, 956 F.2d 949, 953–54 (10th Cir. 1992) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.") (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir. 1990)).

Defendant J&M's argument that it should not have to provide information about income, revenue, or profit other defendants have earned does have merit. The other defendants are

separate legal entities and, to the extent Plaintiff seeks records related to income, revenue, or profits these separate legal entities have earned, it should obtain such records from those entities.

Finally, Defendant J&M objects that Plaintiff's interrogatory has no temporal limitation. As Plaintiff points out, however, and as Defendant J&M is aware, the Twin Pak Balers were not invented until 2017. Doc. 114 at 5. The statute of limitation on patent infringement is six years. 35 U.S.C. § 286. Plaintiff filed this lawsuit on February 2, 2023. Doc. 1. Plaintiff's request for information going back to 2017, therefore, is reasonable. Defendant J&M must only provide information in connection with Interrogatory 17 going back to 2017.

Request For Production 29. Request for Production 29 and Defendant's response to it are as follows:

> Produce all documents and communications concerning the use or operation of any Twin Pak Baler(s) in relation to any work, project, contract, or assignment related to the business of any of the Defendants.
>
> **RESPONSE:**
> Objection to this request is made on the grounds that it is overly broad and not temporarily limited. It is further objected to on the grounds that it seeks irrelevant evidence not likely to lead to the discovery of admissible evidence as Plaintiff's Complaint relates to copyright infringement and not the intimate details of J&M's use of bailers purchased at arms length. There are no documents concerning work, projects, contracts or assignment by J&M baling from GPT, LLC. They are simply in inventory and used as needed at the sole discretion of the owner of J&M Baling. Defendant J&M Baling further notes that Twin Pak, Jason Grady, nor GPT, LLC have any indicia of ownership of the double balers purchased by J&M baling for its sole use.

Doc. 114-2 at 1-2.

To the extent Defendant J&M possesses any documents or communications related to its use or operation of Twin Pak Balers, such documents are relevant to Plaintiff's claim that Defendant J&M infringed on its patent by using or operating Plaintiff's patented Twin Pak Balers without authorization. Defendant states that it has no responsive "documents concerning work, projects, contracts or assignment by J&M baling from GPT, LLC." Doc. 114-2 at 2. The

Court agrees with Plaintiff that Defendant has no valid grounds to limit its response to documents from GPT. As such, the Court orders Defendant J&M to provide all documents and communications in its possession concerning the use or operation of any Twin Pak Baler from 2017 to present that is related to any work, project, contract, or assignment related to its business.[4]

Regarding defendants other than Defendant J&M, to the extent Request for Production 29 seeks documents that other defendants possess, and that Defendant J&M does not possess, the Court agrees that Defendant J&M does not have to produce such documents. Defendant J&M is a separate legal entity and cannot be compelled to produce documents not in its possession, even if one of its officers is also an officer of a separate defendant company and so has physical access to that separate defendant company's records. Defendant J&M, however, may itself possess documents or communications concerning the use or operation of Twin Pak Balers that relate to work, projects, contracts or assignments related to the business of those other Defendants. If so, such documents are relevant to Plaintiff's claims and Defendant J&M must produce them. If Defendant does not have any such records, it must represent that, after conducting a diligent search in good faith, it has concluded that it possesses no such records.

<u>Request for Production 30</u>. Request for Production 30 and Defendant's response to it are as follows:

> Produce all contracts, agreements, work orders, and communications related to any work, contracts, or assignments in relation to which J&M or any Defendant

---

[4] Even though Defendant J&M likely has a contract with the attorney representing it in the present litigation, however, it is not required to disclose communications exclusively with its attorney or its attorney's staff related to the present litigation. The exemption of the contract with its attorney from the contracts implicated in this request for production relieves Defendant J&M from the unnecessary burden of having to produce a privilege log related to such communications, all of which are likely protected from disclosure.

> used or operated any Twin Pak Baler(s), including without limitation any concerning the Navajo Agricultural Products Industry.
>
> **RESPONSE:**
> This RFP is overly broad, not temporally limited, and will not produce any probative information related to the Plaintiff's claims because all the Twin Pak double balers in use by J&M Baling were purchased at arms-length from GPT, LLC, or Twin Pak by J&M Baling. Notwithstanding the objection, Defendant J&M Baling states it is not in possession of agreements, contracts or any documents specifically related to the use of the double balers.

Doc. 114-2 at 2.

Defendant's response narrows the subject-matter of this Request for Production from any documents related to work using a Twin Pak Baler to any documents relating to the use of the balers. But documents in Defendant J&M's possession related to work for which it used the patented Twin Pak Balers is relevant to Plaintiff's patent infringement claim. Therefore, from 2017 to present, Plaintiff must disclose all contracts, agreements, work orders, and communication related to any work, contracts, or assignments in relation to which Defendant J&M operated any Twin Pak Baler. If Defendant does not have any such records, it must represent that, after conducting a diligent search in good faith, it has concluded that it possesses no such records.

As noted above, Defendant J&M is not required to disclose documents related to other defendants which are not legally in its possession, even if one of its officers has physical access to such documents. However, for the period from 2017 to present, if Defendant J&M is legally in possession of a document related to another defendant that is responsive to Request for Production 30, Defendant J&M must disclose it.

Defendant J&M's argument that it does not have to produce such documents because it purchased them at "arms-length from GPT, LLC or Twin Pak" is unpersuasive. The existence of an "arms-length" transaction does not make the requested documents less relevant. If Plaintiff

prevails on its claims that each defendant infringed on its patent, that this infringement occurred through the use of "arms-length" transactions is of no moment.

Request for Production 31. Request for Production 31 and Defendant's response to it are as follows:

> Produce all documents and communications concerning any income, revenue, or profit received by J&M or any Defendant in relation to the use or operation of any Twin Pak Baler(s) in relation to any work, project, contract, or assignment related to the business of any of the Defendants, including without limitation any such any income, revenue, or profit concerning the Navajo Agricultural Products Industry.
>
> **RESPONSE:**
> This request is overly broad, not temporally limited, and not limited to the Defendant to which the request is addressed. Furthermore, objection is made on the grounds that it seeks irrelevant evidence not likely to lead to the discovery of admissible evidence related Plaintiff's claims[.] Notwithstanding the objection, Defendant J&M Baling is not in possession of any documents relating to the use of the double balers that is responsive to this request.

Doc. 114-2 at 2-3.

As noted above in connection with Interrogatory 17, income Defendant received as a result of its use of a patented product it was not authorized to use is relevant to damages, should Plaintiff prevail on liability. Consistent with the Court's analysis of Interrogatory 17, for the period from 2017 to present, Defendant must produce documents and communication concerning the income, revenue, and profit Defendant J&M received from jobs on which it used, or received income from the use of, Twin Pak Balers.

However, consistent with the Court's analysis of Interrogatory 17, the Court does not compel Defendant J&M to provide documents related to the income, revenue, or profits of separate legal entities.

**CONCLUSION**

For the reasons discussed above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Seventh Motion to Compel—J&M Baling, Inc.'s Responses to Plaintiff's Second Set of Discovery (Doc. 114). By **January 16, 2024**, Defendant J&M shall provide complete discovery responses consistent with this Order.

Lastly, both sides request their attorney's fees and costs associated with bringing or responding to the motion. *See* Doc. 114 at 12-14; Doc. 118 at 8. Because the Court grants in part and denies in part the motion, it denies both sides' requests for fees. *See* Fed. R. Civ. P. 37(a)(5)(C).

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE