IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

C&J EQUIPMENT MANUFACTURING
CORPORATION, a New Mexico
Corporation,

      Plaintiff/Counterdefendant,

    vs.                                         Civ. No. 23-99 MV/SCY

MICHAEL JASON GRADY; MICHAEL E.
GRADY; TWIN PAK, LLC, a New Mexico
Limited Liability Company; and J&M
BALING, INC., a New Mexico Corporation;
and GRADY PRESS TRAILERS, LLC, a
New Mexico limited liability company,

      Defendants/Counterclaimants.

### ORDER SETTING AMOUNT OF ATTORNEY'S FEES

This matter comes before the Court on "Plaintiff's Affidavit Regarding Legal Fees Incurred in Connection with Plaintiff's Motion to Compel as to the Second Set of Requests for Production to Jason Grady," filed November 21, 2023. Doc. 127; *see also* Doc. 132 (response). This affidavit follows the Court's November 8, 2023 Order in which it granted in part Plaintiff's motion to compel as to the second set of requests for production to Jason Grady and awarded Plaintiff its expenses and fees in connection with that motion. Doc. 124 at 6. Plaintiff asserts that its legal fees incurred in relation to the motion total $2,916.64. Doc. 127 at 4. Defendants object to this amount as both "excessive based on the hourly rate and the time spent." Doc. 132 at 2.

"To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). In this case, Plaintiff bears the burden to "prove and establish the reasonableness of each dollar, each hour,

above zero." *Id.* at 1510. Plaintiff must also provide "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. Additionally, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Looking first at the hourly rate, Plaintiff's counsel, a partner at his firm with nearly 12 years of experience, asks for an hourly rate of $300. Plaintiff also seeks fees for its paralegal services at an hourly rate of $175. Defendants argue that "[t]hese fees are over the top of the rates the Court has approved or seen in New Mexico." Doc. 132 at 3. "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (internal quotation marks omitted). The Court must review "evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Id.* at 1224-25. "The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987); *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) ("The setting of a reasonable hourly rate is within the district court's discretion."). "[I]f the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1257 (10th Cir. 1998).

The Court disagrees with Defendants and, in its review of other cases in this district, finds that an hourly rate of $300 is appropriate for an attorney in this market with 12 years of

experience. *See, e.g.*, *Env't Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc.*, No. 1:16-CV-1056-KWR-JHR, 2021 WL 2383211, at *2 (D.N.M. June 10, 2021) (finding that "awards of hourly rates of $275.00 and higher are not atypical in this District for attorneys with 11 years or more of legal experience"); *Payne v. Tri-State Careflight, LLC*, No. CIV 14-1044 JB/KBM, 2016 WL 5376321, at *13 (D.N.M. Aug. 17, 2016) (awarding $300 per hour for a partner attorney); *Rael v. Aldridge, Hammar & Wexler, P.A.*, No. CV 22-446 GJF/KK, 2023 WL 3648986, at *2 (D.N.M. May 25, 2023) (reducing an hourly rate from the requested $450 to $300); *Albuquerque Pub. Sch. Bd. of Educ. v. Cabrera*, No. 1:20-CV-00531-JCH-LF, 2023 WL 6295499, at *4 (D.N.M. Sept. 27, 2023) (awarding $300 per hour). Likewise, the Court finds that the requested $175 hourly rate for the paralegal is reasonable. *See, e.g.*, *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1088 (D.N.M. 2018) ("Considering the paralegal rates that major and prominent litigation law firms in Albuquerque now routinely charge, the Court concludes that the Plaintiffs' proposed paralegal hourly rates of $150.00 and $125.00 are reasonable."); *Rael v. Aldridge, Hammar & Wexler, P.A.*, No. CV 22-446 GJF/KK, 2023 WL 3648986, at *2 (D.N.M. May 25, 2023) (awarding $150 an hour for paralegal work).

Turning to the time spent, the affidavit provides that Plaintiff's attorney spent 6.7 hours corresponding, researching, and drafting the motion and the reply, while the paralegal spent 4 hours proofreading, organizing exhibits, and filing the motion and the reply. Doc. 127 at 2-3. Defendants object to this amount of time for multiple reasons. First, Defendants argue that fees for the paralegal were not expressly provided for in the Court's order. Although it is correct that the Court's order did not expressly state the Plaintiff could seek fees for its paralegal's work, it did award Plaintiff "its expenses and fees in connection with the present motion." Doc. 124 at 6. The Court finds that the paralegal's time—4 hours total to proofread, organize exhibits, and file

the motion and the reply—is encompassed in the Court's order for expenses and fees and is a reasonable amount of time.

Next, Defendants argue that Plaintiff seeks fees for time spent simply recycling arguments Plaintiff made in prior motions to compel. The Court disagrees. Although Plaintiff filed four motions to compel at the same time with overlapping arguments, those motions all concerned deficiencies Plaintiff believed existed with Defendants' responses to the first set of discovery. Docs. 63-66. In contrast, the motion to compel as to which the Court awarded fees involved Defendant Jason Grady's failure to respond at all to the second set of requests for production. Doc. 75. Thus, the arguments in that motion were different and not "recycled" from earlier motions.

Defendants also take issue with three time entries in Plaintiff's affidavit. First, Plaintiff's affidavit includes 0.5 hours for conducting research on service by email and 0.8 hours for conducting research on inherent authority to sanction. Defendants argue that these issues are not raised in the briefs. Defendants are incorrect. In its motion, Plaintiff discusses both service by email (as Defendants had claimed they never received the discovery sent by email) and the Court's inherent sanction authority. Doc. 75 at 4, 9. Lastly, Defendants take issue with the paralegal's time because the tasks listed refer to finalizing both the second motion to compel and the sixth motion to compel. Plaintiff, however, explains this discrepancy: "Although the Motion at issue is entitled Plaintiff's Second Motion to Compel Michael Jason Grady, it is the sixth motion to compel filed by Plaintiff overall. Accordingly, the reference in the entry to the 'sixth Motion to Compel' refers to the same motion." Doc. 127 at 3 n.1. Defendants acknowledge this explanation but argue that "without dates associated with the time charging" this entry is

insufficient record keeping. The Court disagrees. The affidavit very clearly lays out the tasks worked on and time spent on those tasks that relate to motion to compel at issue.

In sum, the Court, having reviewed Plaintiff's Affidavit (Doc. 127) finds both the time spent and rates to be reasonable. Accordingly, the Court sets the amount of fees associated with the Order Granting in Part Plaintiff's Motion to Compel as to the Second Set of Requests for Production to Jason Grady (Doc. 124) at $2,916.64. Defendants shall pay Plaintiff this amount no later than 30 days from the date of this Order.

IT IS SO ORDERED.

_____
**STEVEN C. YARBROUGH**
**UNITED STATES MAGISTRATE JUDGE**