IN THE UNITED STATES DISTRICT CURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| C & J EQUIPMENT MANUFACTURING CORPORATION, a New Mexico corporation, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JASON GRADY; MICHAEL E. GRADY; TWIN PAK LLC, a New Mexico limited liability company; J & M BALING, INC., a New Mexico corporation; and GRADY PRESS TRAILERS, LLC, a New Mexico limited liability company, <br><br> Defendants. <br><br> And <br><br> MICHAEL JASON GRADY; MICHAEL E. GRADY; TWIN PAK LLC, a New Mexico limited liability company; J & M BALING, INC., a New Mexico corporation; and GRADY PRESS TRAILERS, LLC, a New Mexico limited liability company, <br><br> Counterclaimants, <br><br> v. <br><br> C & J EQUIPMENT MANUFACTURING CORPORATION, a New Mexico corporation <br><br> Counterdefendant. <br><br> And <br><br> MICHAEL JASON GRADY; MICHAEL E. GRADY; TWIN PAK LLC, a New Mexico limited liability company; J & M BALING, INC., a New Mexico corporation; and GRADY PRESS | Case No. 1:23-cv-00099-MV-SCY |

| | |
|---|---|
| TRAILERS, LLC, a New Mexico limited liability company, | )<br>)<br>) |
| Third Party Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| CHAD THORNTON, as President of C&J Equipment Manufacturing Corporation, and in his personal capacity, | )<br>)<br>)<br>) |
| Third Party Defendant | )<br>)<br>) |

**PLAINTIFF'S EXPEDITED MOTION FOR SANCTIONS FOR
DEFENDANT J & M BALING, INC.'S
KNOWING REFUSAL TO COMPLY WITH THE
COURT'S DECEMBER 14, 2023 DISCOVERY ORDER [DOC. 137]**

Plaintiff C & J Equipment Manufacturing Corp. ("Plaintiff") respectfully moves for an order sanctioning J & M Baling, Inc. ("J & M") for its willful failure to comply with the Court's order compelling production and supplementation (**[Doc. 137]**), and fining J & M for each day in which it continues to refuse to comply with the Court's order. Plaintiff requests that the Court order expedited briefing and consider this Motion on an expedited basis because the records are material and necessary to meet the deadlines in the Court's Scheduling Order. **[Doc. 117]**.

On December 14, 2023, this Court entered its Order Granting in Part Plaintiff's October 16, 2023 Motion to Compel (the "Courts' Order") concerning Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production to Defendant J & M. **[Doc. 137].** The Court's Order commanded J & M to produce responsive materials and serve supplemental responses to Plaintiff's discovery requests no later than January 16, 2024. *Id.* The date of compliance was critical because the parties had long-standing depositions set to take place on January 17-19, 2024, including the Rule 30(b)(6) depositions of Defendants Twin Pak, Grady Press

Trailers, and J & M. *See* **[Doc. 128]** (providing notice of the January depositions on November 22, 2023). Had J & M complied with the Court's order, Plaintiff would at least have had some time to review the records and use them in the examination of J & M. J & M did not and has not complied with the Court's Order.

When the parties began the depositions on January 17, 2024, Plaintiff's counsel raised Defendant's non-compliance with the Court's order. Defendant's counsel stated that all responsive materials had already been produced. As the Court is aware, however, J & M did not produce any materials in response to the discovery requests, and it has not done so after entry of the Court's Order.[1] On January 19, 2023, the Rule 30(b)(6) deposition of J & M took place and Defendant Michael Grady, the corporate representative, produced a single contract with the Navajo Agricultural Products Industry ("NAPI"), but no other materials and no supplemental answers or responses. Mr. Grady's production of the contract with NAPI demonstrates that J & M's previous representations to the Court about the non-existence of responsive materials were false.[2]

Mr. Grady, as J & M's representative, confirmed at the deposition that he had read and was familiar with the Court's Order. Because J & M has willfully violated the Court's Order, Plaintiff moves for sanctions and further relief to enforce the Court's Order.

---

[1] *See* **[Doc. 137]** (listing discovery responses as stating "there are no documents responsive to this request" (Interrogatories 15 and 16), "J&M does not have any documents responsive to this request" (Interrogatory 17), "[t]here are no documents concerning work, projects, contracts or assignment by J&M baling from GPT, LLC," (Request 29), "J&M Baling states it is not in possession of agreements, contracts or documents specifically related to the use of the double balers" (Request 30), and "J&M Baling is not in possession of any documents relating to the use of the double balers that is responsive to this request" (Request 31)).

[2] The contract expressly references the double balers at issue. J & M identified the contract as confidential pursuant to the Court's confidentiality order, but Plaintiff will produce it to the Court if requested.

## ARGUMENT

1. **J & M has willfully and intentionally refused to comply with the Court's Order.**

J & M has refused to comply with the Court's Order and its refusal is willful and intentional. The Court's Order expressly commanded J & M to supplement its responses to Plaintiff's Interrogatories and Requests for Productions in multiple respects. For example, the Court ordered:

- "Defendant shall therefore provide the names of persons it knows operated these balers." **[Doc. 137]**, 3.

- "If no employee can recall projects using the balers, Defendant must so state, rather than resting on representations that relate only to written documentation." *Id.*, 3-4.

- "Defendant J&M shall identify the work or projects on which it knows Twin Pak Balers have been used or operated, as well as when such uses or operations occurred." *Id.*, 4.

- "If Defendant J&M does not have a record of this information, it shall describe the work or projects in which any of its current employees recall any Defendant using the balers and when they recall that use occurring." *Id.*

- "Defendant J&M must therefore identify the contracts, agreements, and work orders for Defendant J&M to cut or bale hay and for which J&M or any of its employees used, or intend to us, a Twin Pak Baler." *Id.*, 5.

- "If Defendant does not have a record of this information, it shall describe the contracts, agreements, and work orders related to jobs on which any current J&M employee recalls a Twin Pak Baler being used." *Id.*

- "[T]he Court reads Interrogatory 17 as requesting the income, revenue, and profit Defendant J&M received from jobs on which it used, or received income from the use of, Twin Pak Balers. To the extent Defendant J&M has this information, it is relevant and Defendant J&M must produce it." *Id.*, 6-7.

- "[T]o the extent Defendant J&M has estimate the income, revenue, or profit that it will receive on a job it has performed or has contracted to perform, it must disclose such information to Plaintiff." *Id.*, 7.

- "[T]he Court orders Defendant J&M to provide all documents and communications in its possession concerning the use or operation of any Twin Pak Baler from 2017 to present that is related to any work, project, contract, or assignment related to its business." *Id.*, 9.

- "If Defendant does not have any such records, it must represent that, after conducting a diligent search in good faith, it has concluded that it possesses no such records." *Id.*

- "[F]rom 2017 to present, [Defendant] must disclose all contracts, agreements, work orders, and communications related to any work, contracts, or assignments in relation to which Defendant J&M operated any Twin Pak Baler. If Defendant does not have any such records, it must represent that, after conducting a diligent search in good faith, it has concluded that it possesses no such records." *Id.,* 10.

- "[I]f Defendant J&M is legally in possession of a documents related to another defendant that is responsive to Request for Production 30, Defendant J&M must disclose it." *Id.*

- "Defendant must produce documents and communication concerning the income, revenue, and profit Defendant J&M received from jobs on which it used, or received income from the use of, Twin Pak Balers." *Id.*, 11.

The Court's Order required J & M to comply no later than January 16, 2024. *Id.*, 12. It not only failed to comply, it appears to have made no effort to do so. When Plaintiff raised the issue with Defendants' counsel, J & M's representative eventually produced a single document comprising a contract with NAPI for baling during the 2022-2024 seasons. At deposition, however, J & M testified that it has had similar contracts with NAPI for decades. J & M did not produce a single communication with NAPI or any agent thereof, a single accounting record concerning its income or revenue, or any document concerning the use of the balers on this large scale project that has occurred while this litigation has been pending. Further, given the Defendants' past representations concerning the purported lack of records, the Court's Order required that J & M describe that it performed a search in good faith instead of simply claiming a lack of records, and it mandated that J & M substantively respond to the Interrogatories if it did not have sufficient written records. J & M did not comply with any part of the Court's Order.

J & M's noncompliance is clearly willful and intentional. At deposition, J & M's corporate representative, Michael Grady, testified that he had read and was familiar with the Court's Order. The refusal to comply cannot be attributed to a lack of knowledge. When Plaintiff's counsel raised

the issue of noncompliance, J & M's counsel did not state or represent that compliance would be forthcoming or that they needed more time. J & M has simply decided to violate the Court's Order. Because there is no excuse or justification for J & M's refusal to comply, the Court can only find that its refusal was willful and intentional.

2. **The Court should sanction J & M, order that it will be subject to default judgment if it does not comply within 10 days, and order that J & M sit for an additional deposition as to the topics addressed in the Court's Order at J & M's expense.**

The Court should sanction J & M and enter an order fining it for each day in which it has not fully complied with the Court's Order. Further, the Court should require that J & M sit for an additional deposition concerning the topics in the Court's Order at J & M's expense. Sanctions are necessary at this point because J & M's refusal is part of a continuing pattern by it and other Defendants to delay discovery, increase the cost of litigation, and attempt to run out the clock on the Court's Scheduling Order. Plaintiff's discovery at issue was served on August 18, 2023. J & M's responses served in September were patently evasive. For example, J & M attempted to evade answering Interrogatories by stating only that written materials do not exist, it failed to conduct a reasonable inquiry by asking its employees, and it improperly limited Plaintiff's requests to contracts or agreements *with GPT*.

Plaintiff was forced to engage in a meet and confer process, which further delayed its discovery, and was forced to file its Seventh Motion to Compel on October 16, 2023. **[Doc. 114]**. When J & M responded to the Motion, it employed arguments without supporting authorities that reasonable parties in this district would know could not prevent discovery, such as stating that discovery concerning Plaintiff's damages "is premature and is more properly submitted under post-trial discovery." **[Doc. 118]**, 8. The Court went so far as to find that J & M's argument was "specious." **[Doc. 137]**, 6. The Court decided the Motion on December 14, 2023, nearly three

months after J & M was required to provide responsive information and materials. *Id.* Nonetheless, the Court allowed J & M an additional month to provide responses as ordered. That additional month has passed and it is clear that J & M has no intention to provide the discovery.

Plaintiff has repeatedly warned that the Defendants in this case are attempting to delay and obfuscate discovery to inhibit Plaintiff's ability to prepare its case. It has now been more than 22 weeks since Plaintiff served the discovery at issue and it is still unable to obtain information that the Court has found to be relevant. In the meantime, the case has proceeded and Plaintiff has been unable to uncover witnesses and sources of discovery, Plaintiff has been forced to take the deposition of J & M and other parties without the necessary discovery,[3] and the Defendant has used the discovery at issue to attempt to frustrate Plaintiff's ability to get the information by other means. *See* **[Doc. 140]**, Defendant J & M's Motion to Quash, 2 (arguing that "Plaintiff filed the subpoena as an end-run around Defendants' objections to producing financial information" in the discovery at issue).

J & M's pattern of obstructing discovery merits a substantial sanction to mitigate the prejudice to Plaintiff and prevent J & M and other Defendants from continuing to ignore discovery and this Court's orders. Under Fed.R.Civ.P. 37, where a party fails to comply with the Court's discovery orders, the Court may issue just orders that may include "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking

---

[3] Notably, J & M and other Defendants are necessarily intertwined because they are controlled by the same parties, Michael Grady and Jason Grady. For example, Michael Grady testified that J & M is run as an S-Corp, which allows revenue to flow to him personally. Jason Grady is the Corporate Secretary of J & M and he is involved in operating the balers on the NAPI projects. J & M acquired the double balers from GPT. Thus, discovery concerning J & M is highly likely to be relevant to other Defendants.

pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed.R.Civ.P. 37(b)(2)(A). Further, in addition to or instead of the orders set out in the rule, the Court must order the disobedient party or attorney to pay the reasonable expenses caused by the failure, unless the failure was substantially justified. *Id.* at (b)(2)(C).

The Court may also impose sanctions pursuant to its inherent authority when faced with abusive litigation practices. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980). The purpose of sanctions is to (1) deter future litigation abuse, (2) punish present litigation abuse, (3) compensate the victims of litigation abuse, and (4) streamline the court's docket and facilitate case management. See *Fiore Indus., Inc. v. Ericsson*, 2021 WL 5095992, at *3 (D.N.M. Sept. 3, 2021).

Here, first, the Court should enter an order directing that matters embraced in the discovery Order are established for all purposes in this action, including that J & M's revenue from the period 2017 through the present is derived from the use of the double balers. Such a factual finding is limited to the issues addressed in the Court's Order—discovery of J & M's use of the double balers and associated revenues—and it appropriately prevents J & M from obtaining a strategic advantage by refusing to respond to the discovery. Rather than allowing J & M to gain an advantage by preventing Plaintiff from establishing damages related to income derived from the use of the infringing double balers, the Court will find as a fact that all of J & M's income is derived from the use of the infringing double balers, which mitigates Plaintiff's prejudice.

Second, the Court should award Plaintiff its legal fees incurred in relation to the Motion. An award of fees is justified because Plaintiff has been required to file multiple motions addressed to the same discovery and the Court did not award fees in relation to the Seventh Motion to Compel. *See* **[Doc. 137]**, 12. Given that J & M has not complied with any portion of the Court's Order, there can be no substantial justification for its failure and refusal to do so, even after the issue was raised by Plaintiff.

Third, the Court should enter an order advising J & M that if it does not remedy its non-compliance with the Court's Order within 10 days, it will be subject to entry of default judgment. The above sanctions will mitigate Plaintiff's prejudice, but will not remedy it unless the discovery at issue is produced as the Court has ordered. Without discovery concerning J & M's finances, Plaintiff will be unable to demonstrate damages, which are a necessary component of its claims. For example, Plaintiff cannot prevail on its contract claim without evidence of damages, and cannot support an expert opinion concerning reasonable royalties for patent infringement without an understanding of J & M's use and income related to the double balers. Thus, if J & M is successful in refusing to obey the Court's order, it may improperly prevent Plaintiff from discovering evidence necessary to prove its case. Accordingly, the Court should warn J & M that it will be subject to a default judgment if it does not comply with the Court's Order in full within 10 days. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (factors a court should consider before the sanction of dismissal include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." (internal quotes and

citations omitted)); *Roadway Express*, 447 U.S. at 764 (stating that a party's failure to comply with an order to answer interrogatories was an "immediate ground for dismissing the case").

Finally, the Court should enter an order allowing Plaintiff a second deposition of J & M concerning the issues addressed in the Court's Order. A party seeking a second deposition must show good cause to justify it. *See Shultzaberger v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2723783, at *2 (D.N.M. June 6, 2018). Factors to consider include whether the deposition would be unreasonably cumulative, whether the movant has other opportunities to obtain the information, and whether the burden outweighs the benefit to the party. *Id.* (citing Fed.R.Civ.P. 26(b)(2)). Here, a second deposition would not be unreasonably cumulative because it would address the issues in the discovery that has been withheld by J & M's refusal to comply with the Court's Order. Plaintiff has not had other opportunities to obtain discovery on the issue because only J & M may be properly deposed as to the meaning of J & M's records concerning the use and revenues associated with the double balers. The burden does not outweigh the benefit because the information is critical to Plaintiff's claims concerning J & M and a second deposition is only necessary due to J & M's refusal to obey the Court's Order. Declining to allow a second deposition would in effect reward J & M for its failure to comply with the Court's Order by allowing it to escape from a careful review and examination of the issues addressed therein. In addition, because the second deposition is necessary only because of J & M's misconduct, the Court should order that J & M be responsible for the costs associated with taking it.

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court enter its Order: (1) sanctioning J & M by finding as a fact that all of J & M's annual revenue from 2017 to the present is attributable to the infringing use of the double balers; (2) ordering that J & M will be subject to a default

judgment if it fails to comply with the Court's Order within 10 days; (3) ordering that J & M must sit for a second deposition concerning the issues addressed in the Court's Order, at its own expense; and (4) award Plaintiff its legal fees incurred in relation to this Motion.

Respectfully submitted,

ATKINSON BAKER & RODRIGUEZ, P.C.

*/s/ Owen E. Barcala*
Owen E. Barcala
Clifford K. Atkinson
201 Third St. NW, Suite 1850
Albuquerque, NM 87102
(505) 764-8111
catkinson@abrfirm.com
obarcala@abrfirm.com

and

PEACOCK LAW P.C.

Deborah A. Peacock
Marco H. Santamaria
201 Third St. NW, Suite 1340
Albuquerque, NM 87102
(505) 998-6124
dpeacock@peacocklaw.com
msantamaria@peacocklaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of January 2024, I filed the foregoing motion electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

ATKINSON, BAKER & RODRIGUEZ, P.C.

*/s/ Owen E. Barcala*
Owen E. Barcala