IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

C&J EQUIPMENT MANUFACTURING
CORPORATION, a New Mexico
Corporation,

      Plaintiff/Counter-defendant,

    vs.                                                          Civ. No. 23-99 MV/SCY

MICHAEL JASON GRADY; MICHAEL E.
GRADY; TWIN PAK, LLC, a New Mexico
Limited Liability Company; and J&M
BALING, INC., a New Mexico Corporation;
and GRADY PRESS TRAILERS, LLC, a
New Mexico limited liability company,

      Defendants/Counter-claimants.

**ORDER DENYING MOTION TO QUASH
AND GRANTING MOTION FOR EXTENSION**

      This matter comes before the Court on Defendant J&M Baling's Motion to Quash Subpoena, filed December 22, 2023 (Doc. 140) and Non-Party Solga & Jakino, P.A.'s Motion for Extension of Time to Respond to Subpoena, filed January 5, 2024 (Doc. 150). On December 7, 2023, Plaintiff served a subpoena to produce documents on Defendants' accounting firm, Solga & Jakino, Doc. 140-1, and provided a copy of the subpoena to defense counsel on December 8, Doc. 147-3. Defendant J&M seeks to quash the subpoena, arguing that it seeks largely irrelevant information. Doc. 140. Defendant, however, failed to meet and confer regarding the subpoena before filing the motion. *See generally* Doc. 140 (motion, which includes no certificate of conferral); Doc. 147 (Plaintiff's response, explain that "on December 22, 2023, J&M filed the Motion without making any effort to meet and confer with Plaintiff or determine if the disputes could be resolved, either orally or in writing"). "[A] Movant must determine

whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ. 7.1(a).

Defendant argues that it did not violate Rule 7.1 because the parties have conferred regarding similar topics that were the subject of prior motions. Doc. 160 at 3. The Court finds this explanation insufficient to meet the duty to confer. The purpose of the duty to confer is so that the parties can, in good faith, "converse, confer, compare views, consult, and deliberate or in good faith attempt to do so," as to the subject of the motion such that they may be able to narrow their dispute or come to a resolution. Doc. 6 at 2 n.1. Without conferring on this specific subpoena and the objections Defendant has to it, the parties had no possible opportunity of reaching any good faith understanding. Simply because the parties have been unable to make agreements on prior motions does not relieve Defendant of its duty to confer on the present motion. Indeed, this Court has reminded the parties multiple times of their duty to meet and confer. *See* Doc. 6 at 2 n.1 (Initial Scheduling Order, informing the parties that it would not entertain any "motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made a reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion"); Doc. 116 (status conference in which the Court reminded the parties that they are to have conversations, not just exchanges of emails or letters, before filings discovery motions). Given Defendant's failure to confer, the Court denies the motion to quash.[1]

---

[1] In its response to the motion, Plaintiff asserts that it had Defendants' Rule 30(b)(6) depositions set for January 17-19, 2024. Plaintiff claims the present motion, which did not finish briefing until January 19, 2024, will delay Plaintiff from receiving the subpoenaed documents before those depositions. Therefore, Plaintiff summarily argues that the Court should "order that Plaintiff may take a second deposition of each Defendants Twin Pak, GPT, and J&M concerning the materials at issue." Doc. 147 at 4. Plaintiff seeks similar relief in its recently filed motion for

While the parties were briefing the motion to quash, Solga & Jakino filed a motion for extension of time, seeking an additional 60 days to respond to the subpoena. Doc. 150. After filing this motion, Solga & Jakino and Plaintiff advised the Court that they reached an agreement to extend the response deadline to February 20, 2024. Accordingly, the Court grants the motion for an extension.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Subpoena (Doc. 140) is DENIED.

**IT IS FURTHER ORDERED** that Non-Party Solga & Jakino, P.A.'s Motion for Extension of Time to Respond to Subpoena (Doc. 150) is GRANTED and the deadline for Solga & Jakino to respond to the subpoena is extended to February 20, 2024.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

sanctions (Doc. 161). Accordingly, the Court will defer addressing this issue until after that motion is fully briefed.